UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| NOLBERTO ROBLEDO, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:14-CV-1859 RM |
| | ) | (Arising out of 3:11-CR-76 RM) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

OPINION and ORDER

Nolberto Robledo pleaded guilty to one count of possession with intent to distribute cocaine and was sentenced on October 31, 2012 to 70 months' imprisonment, to be followed by a three-year term of supervised release, and was ordered to pay a special assessment of $100.00. Judgment was entered that same day. No timely appeal was filed. In August 2013, Mr. Robledo filed a notice of appeal; the court of appeals dismissed his appeal as untimely the following January. Mr. Robledo is now before the court asking that his sentence be vacated pursuant to 28 U.S.C. § 2255; his petition was filed on August 29, 2014.

The Antiterrorism and Effective Death Penalty Act of 1996 requires that a § 2255 motion be filed within one year of:

> (1) the date on which the judgment of conviction bec[ame] final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> 
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4). Mr. Robledo hasn't argued that any of those provisions apply.

A petitioner's conviction becomes final when he was sentenced, and the sentence becomes final when the deadline for filing a notice of appeal expires. Clarke v. United States, 703 F.3d 1098, 1100 (7th Cir. 2013); *see also* United States v. Shields, No. 10-cr-30179, 2014 WL 4099369, at (S.D. Ill. Aug. 20, 2014) ("For § 2255 purposes, a judgment becomes final after the defendant has been sentenced and the time for filing a direct appeal has passed."). The relevant date for the starting of the one-year clock in this case is November 14, 2012, the date when the deadline for filing an appeal expired and the judgment became final. Mr. Robledo's filing of his petition on August 29, 2014 is outside the limitations period, making the petition untimely.

Had Mr. Robledo's petition been timely, he still couldn't prevail. Mr. Robledo's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. That plea agreement, signed by Mr. Robledo, his attorney William Stevens, and

Assistant United States Attorney William Grimmer, contains the following language in paragraph 9(l):

> (l) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed, I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction and my sentence was determined or imposed, to any court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Petn. To Enter A Guilty Plea, at 5 . Mr. Robledo challenges his sentence based on his claims that his counsel provided ineffective assistance by not advising him of his constitutional rights, not assuring that a factual basis for his guilty plea existed, not providing him with an opportunity to allocute, and not filing a timely notice of appeal.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence exceeds the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. Robledo said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that the plea agreement had been translated into Spanish for him before he signed it, that he had discussed the plea agreement with his counsel before the plea hearing, that he and his attorney had reviewed the sentencing guidelines before the plea hearing, that he was guilty of the charges contained in the superceding indictment, and that he was satisfied with the representation his attorney had provided. In addition, Mr. Robledo answered specific questions from the court about the waiver provision of his plea agreement:

> THE COURT: Now, as I understand it, you're aware that people who are sentenced in federal court, United States court, have the right to appeal that conviction to a court of appeals. But, as I understand it, as part of your plea agreement, you're giving up that right to appeal your sentence and giving up the right to challenge your conviction or your sentence through any petition for writ of habeas corpus or for post-conviction relief or any other kind of paper. Is that how you understand it?
>
> MR. ROBLEDO THROUGH INTERPRETER: Yes.
>
> THE COURT: Let me approach that a little differently. As I understand it, that means that if from here on out I do anything with respect to the case that you don't think was right, or if Mr. Grimmer or anyone else from his office does anything with respect to the case that you don't think was right, or if Mr. Stevens in trying to represent you were to do anything with respect to the case that you don't think was right, even if whatever went wrong means your sentence turns out to be longer than it should have been, once we get to the sentencing hearing and I impose the sentence, you won't be able to complain about whatever went wrong to this court or any other court. Is that how you understand that?

MR. ROBLEDO THROUGH INTERPRETER: Yes.

Plea Hrg. Tr., at 14-15.

Mr. Robledo hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Mr. Robledo's statements at his change of plea hearing — statements made under oath — are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. Robledo during the plea colloquy, and Mr. Robledo acknowledged that he understood. Nothing in the plea agreement or Mr. Robledo's petition suggests that his waiver of that right was unknowing or involuntary or that he lacked effective counsel in negotiating the terms of the plea agreement. The record supports a finding that Mr. Robledo's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). Based on Mr. Robledo's waiver of his right to appeal his conviction and sentence, he can't prevail on a claim that his counsel was ineffective for not filing the appeal he agreed he wouldn't pursue.

Mr. Robledo seeks to overcome the waiver and have his conviction and sentence vacated based on other claims of ineffective assistance of counsel, as

well. To succeed, Mr. Robledo "must allege that he entered the guilty plea based on advice of counsel that fell below constitutional standards. In other words, he must allege that the plea agreement was the product of ineffective assistance of counsel . . . or tainted by ineffective assistance of counsel." Hurlow v. United States, 726 F.3d 958, 966-967 (7th Cir. 2013). Mr. Robledo's claims of ineffective assistance of counsel don't relate to the negotiation of the plea agreement; instead Mr. Robledo claims counsel was ineffective by (1) failing to advise him of his constitutional rights as required by Federal Rule of Criminal Procedure 11, (2) failing to assure that there was an adequate factual basis for a guilty plea, and (3) failing to provide him an opportunity to allocute. Mr. Robledo's claims are insufficient to overcome the waiver in his plea agreement.

(1) Mr. Robledo is incorrect that he wasn't advised of his constitutional rights as required by Rule 11.

The transcript of the change of plea hearing evidences that Mr. Robledo was informed of his constitutional rights as required by Federal Rule of Criminal Procedure 11(b)(1), *i.e.*, the rights he would be giving up if he pleaded guilty. In response, he told the court that he understood that he was giving up his "right to a trial and all those rights that go along with a trial" and that he still wanted to plead guilty. *See* Plea Tr., at 19-21. The record provides no support for Mr. Robledo's claims that his due process rights were violated, that he wasn't advised

6

of his rights pursuant to Rule 11, or that his counsel provided ineffective assistance in this instance.

(2) Mr. Robledo is mistaken that the factual basis for his guilty plea, and the government's evidence, was inadequate to support his conviction.

Mr. Robledo told the court at his change of plea hearing that a person in California hired him to transport illegal drugs to Indiana, he drove the drugs from California to Indiana where the drugs were unloaded by another person, and that person put money into the vehicle so Mr. Robledo could return to California. The court questioned Mr. Robledo further:

> THE COURT: And, as I understand it, you're telling me you also got some money for driving the drugs out to Indiana, that you knew what you were doing was illegal, and that the drugs that you actually transported turned out to be cocaine. Is all of that true?
>
> MR. ROBLEDO THROUGH INTERPRETER: Yes.

Plea Tr., at 18-19.

At Mr. Robledo's sentencing hearing, Joseph Focosi, an officer with the St. Joseph County Police Department assigned to the DEA Task Force, testified that he had been involved with the investigation of Mr. Robledo for over a year. Officer Focosi told the court about intercepted telephone calls between Mr. Robledo and his co-conspirators, information received from California officials relating to the drug operation, and surveillance of Mr. Robledo undertaken by police officials. Officer Focosi testified that police "heard over the intercepted phone calls . . . that Mr. Norberto Robledo was actually delivering the drugs so, pretty much, we

7

conducted surveillance, followed Mr. Robledo from a location in Elkhart, which was McDonald's, to the Fieldhouse location where he delivered the drugs." Sent. Tr., at 11. According to Office Focosi, after obtaining a search warrant for the car, police located $144,000 in cash and drugs in hidden compartments concealed under the front seats of the vehicle Mr. Robledo had been driving. Sent. Tr., at 15-16. The court concluded that Mr. Robledo wasn't a minor participant in the drug conspiracy, but, rather, "frequently performed the essential role of transporting drugs and money for this enterprise." Sent. Tr., at 41.

The record provides no support for Mr. Robledo's belief that the evidence was insufficient to support his conviction or for Mr. Robledo's conclusory claim in Ground 2 of his petition that his counsel provided ineffective assistance.

(3) Mr. Robledo's claim that he wasn't provided an opportunity to allocute is without merit, as well.

At the sentencing hearing, the government presented argument for a sentence of 70 months, and defense counsel argued on Mr. Robledo's behalf for a lesser sentence of 57 months. The court then provided Mr. Robledo with an opportunity to allocute:

> THE COURT: Mr. Robledo, you, too, have the right to speak. If there's anything you want to add to what I've read and what I've heard, this would be the time.
>
> MR. ROBLEDO THROUGH INTERPRETER: No.
>
> THE COURT: Thank you, sir.

8

Sent. Tr., at 46. The record belies Mr. Robledo's claims that he wasn't provided an opportunity to speak to the court and that his counsel provided ineffective assistance relating to that issue.

"To prevail on his ineffective assistance claim, [Mr. Robledo] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Robledo] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Robledo] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Robledo hasn't carried his burden. Mr. Robledo hasn't demonstrated that he wouldn't have pleaded guilty had his attorney acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the

proceedings were fundamentally unfair or the result unreliable. Mr. Robledo hasn't carried his burden with respect to the prejudice prong.

Mr. Robledo's petition is untimely, but even if it had been timely filed, the claims of his petition wouldn't entitle him to the relief he seeks. The court SUMMARILY DISMISSES his petition filed pursuant to 28 U.S.C. § 2255 [docket # 203].

SO ORDERED.

ENTERED:   January 26, 2015

/s/ Robert L. Miller, Jr.
Judge, United States District Court

cc:   N. Robledo
      AUSA Grimmer; AUSA Schaffer